IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02091-BNB

ROY J. MAIN,

    Applicant,

v.

WARDEN KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant Roy J. Main is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Main initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of the sentence he is serving pursuant to his conviction in Mesa County District Court case number 90CR128. On November 6, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Main to show cause why the action should not be dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). On November 16, 2007, Mr. Main filed a response to the show cause order. On November 28, 2007, he filed a second response.

The Court must construe the application and the responses to Magistrate Judge Boland's order to show cause liberally because Mr. Main is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See*

*Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Main was convicted in 1990 pursuant to his guilty plea to one count of sexual assault on a child and one count of being an habitual sex offender against children. He was sentenced to an indeterminate term of one day to life in prison. Mr. Main alleges that he did not file a direct appeal. However, he contends that he filed a postconviction motion in the trial court in December 2004 and that the proceedings relevant to the postconviction motion were pending in state court until August 13, 2007, when the Colorado Supreme Court denied his petition for writ of certiorari. The court received the instant action for filing on September 27, 2007.

As Magistrate Judge Boland noted in his order to show cause, the instant action is subject to the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Magistrate Judge Boland first determined that Mr. Main's conviction became final before the one-year limitation period was enacted into law on April 24, 1996. Magistrate Judge Boland also determined that the one-year limitation period began to run on April 24, 1996, when the one-year limitation period was enacted into law, because Mr. Main does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims when he was sentenced in 1990. Finally, Magistrate Judge Boland determined that the one-year limitation period expired in April 1997, long before Mr. Main filed the December 2004 postconviction motion, because Mr. Main does not allege that any postconviction motions were pending in state court between April 24, 1996, and December 2004.

Mr. Main does not challenge any of these dates in his November 16 response to Magistrate Judge Boland's show cause order. He does not contend that the one-year

limitation period began to run on some date after April 24, 1996, or that he filed any postconviction motions in state court prior to December 2004. Instead, Mr. Main states in the November 16 response that he is unsure of what the show cause order is referring to. He asks the Court to disregard his ineffective assistance of counsel claim and rule on his other claims if the ineffective assistance of counsel claim is the basis for Magistrate Judge Boland's show cause order.

Magistrate Judge Boland's order to show cause relates to the entire application filed by Mr. Main and not just his ineffective assistance of counsel claim. Disregarding Mr. Main's ineffective assistance of counsel claim would not alter the time calculations discussed by Magistrate Judge Boland in his show cause order and outlined above. Therefore, Mr. Main fails in his November 16 response to show cause why the instant action should not be dismissed.

In his November 28 response, Mr. Main argues that the one-year limitation period did not begin to run in April 1996. Mr. Main specifically asserts that he suffered from a brain tumor until 2000 and that, as a result of the effects of the brain tumor, he could not have discovered the factual predicate for his claims until 2000. Mr. Main also argues in his November 28 response that the instant action should not be dismissed as time-barred because his state court postconviction motion was timely under state law and he filed the instant action within one year after the state court postconviction proceedings concluded.

The fact that Mr. Main's state court postconviction motion may have been timely under state law does not affect the date on which the one-year limitation period begins to run under federal law. Although properly filed state court postconviction proceedings

4

will toll the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period does not start upon conclusion of the state court postconviction proceedings. Instead, the one-year limitation period starts in accordance with the provisions in § 2244(d)(1).

Furthermore, even accepting Mr. Main's argument that the one-year limitation period did not begin to run until 2000 because he could not have discovered the factual predicate for his claims before that time, there still is a gap of four or more years between the time Mr. Main alleges he could have discovered the factual predicate for his claims and the date on which Mr. Main alleges he filed his postconviction motion in December 2004. Therefore, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling would be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Main bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

5

Mr. Main fails to demonstrate the existence of any circumstances that might justify equitable tolling of the one-year limitation period. The fact that Mr. Main's state court postconviction motion may have been timely under state law does not justify equitable tolling of the one-year limitation period. Although the existence of a brain tumor could support equitable tolling, the fact that Mr. Main did not suffer from the effects of the brain tumor beyond 2000 eliminates the possibility of equitable tolling for that reason for any time after 2000. Therefore, the Court finds that equitable tolling is not appropriate in this action. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 17 day of Dec, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02091-BNB

Roy J. Main
Prisoner No. 48337
Sterling Correctional Facility
PO Box 6000 – Unit 21
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/17/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk