IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02091-ZLW

ROY J. MAIN,

    Applicant,

v.

WARDEN KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 30 2008

GREGORY C. LANGHAM
    CLERK

## ORDER DENYING MOTION TO RECONSIDER

Applicant Roy J. Main has filed *pro se* on January 28, 2008, a document titled "Supplement to Applicant's Habeas Corpus" in which he apparently asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on December 17, 2007. On April 18, 2008, Mr. Main filed a "Motion of Status of Habeas Corpus" inquiring about the status of this action. The April 18 motion will be granted and this order will explain the status of the instant action.

The Court must construe the January 28 supplement liberally because Mr. Main is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the supplement will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Mr. Main's motion to reconsider, which was filed more than ten days after the Court's Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The Court determined that the one-year limitation period began to run in April 1996 and that it expired before Mr. Main filed his postconviction motion, which allegedly was filed in December 2004. Although Mr. Main alleged that he had suffered from a brain tumor, the Court noted that Mr. Main asserted that he had suffered from the effects of the brain tumor only until 2000, which still left a gap of four or more years before his postconviction motion was filed. In the motion to reconsider, Mr. Main alleges he made a mistake when he asserted that the effects of the brain tumor had ended in 2000. Instead, he now alleges that the effects of the brain tumor lasted until March 2003. Mr. Main also alleges in the motion to reconsider that his postconviction motion actually was filed in December 2003.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Main fails to demonstrate the existence of any extraordinary circumstances that

would justify a decision to reconsider and vacate the order dismissing this action. A motion to reconsider is not a new opportunity to advance arguments that could have been raised previously. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion of Status of Habeas Corpus" filed on April 18, 2008, is granted. It is

FURTHER ORDERED that the "Supplement to Applicant's Habeas Corpus" filed on January 28, 2008, which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 29 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02091-BNB

Roy J. Main
Prisoner No. 48337
Sterling Correctional Facility
PO Box 6000 – Unit 21
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/30/08

                            GREGORY C. LANGHAM, CLERK

                By: _____
                         Deputy Clerk